The Honorable Tim Tedder State Representative, 101st District 2406 E. Trail West Road Hutchinson, Kansas 67501
Dear Representative Tedder:
You inquire whether a navigable river is public, and what part of the river bed or banks is private land. You indicate that your question arises from a boundary dispute between those driving recreational vehicles on the bed and banks of the Arkansas river and an adjoining land owner who claims they are trespassing.
At issue is what part of the bed and banks of a navigable river constitutes public land for the purpose of recreational use. [Addressed elsewhere is whether the public and private ownership interests are fixed.][1]
It is well-settled in Kansas that title to the bed and banks of a navigable river is vested in the State.[2] The Kansas Supreme Court has addressed the issue of where the boundary lies between the State and other proprietors on a navigable waterway. In Siler v. Dreyer,[3]
[dealing with an appeal from a district court's determination that on a navigable waterway, the State owned only from the water's edge to the water's edge] the Court interprets older cases[4] to hold that the boundary line of the riparian owner (one owning land along a waterway) is the ordinary high-water mark, which is the line to which water rises in time of ordinary high water.[5] Although the boundary line between proprietary owners on a navigable river has been conclusively established by Siler, it is confusing when current cases, most dealing with how accretion and avulsion affect ownership of adjoining lands, refer to older cases that state that the riparian owner's title extends to the river's banks,[6] to the river's margin,[7] and to the river's edge.[8]
In sum, the high water mark on the bed and banks of the Arkansas River constitutes the boundary between land owned by the State and land owned by the adjoining riparian owner. Thus, the bed and banks, up to the line to which water rises in time of ordinary high water, are public property that can be used by the public for lawful or non-destructive recreational purposes. However, where no public access exists, one may need to obtain permission from the adjoining landowner in order to travel on private land to get to the public land.[9] Additionally, some recreational activity may be restricted by the application of other state laws dealing with bank maintenance or conservation water structures.[10]
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] See Attorney General Opinion No. 97-45 (how the doctrine of accretion affects the public and private property interests on a navigable river).
[2] K.S.A. 70a-106; Meek v. Hays, 246 Kan. 99, 100 (1990); Murray v.State, 226 Kan. 26, 37 (1979); Fowler v. Wood, 73 Kan. 511 (1906).
[3] 183 Kan. 419, 423 (1958).
[4] Fowler v. Wood, supra; State, ex rel. v. Akers, 92 Kan. 179 (1914); Cushenbery v. Waite-Phillips Co., 119 Kan. 478 (1925).
[5] Siler, 183 Kan at 423.
[6] Meek v. Hays, 246 Kan. at 100-101 citing Siler.
[7] Kaw Drainage District v. Atwood, 229 Kan. 594 (1981).
[8] Ibid, at 597, citing Fowler v. Wood, supra.
[9] 78 Am.Jur.2d Waters § 51 (1999).
[10] K.S.A. 24-126; 82a-301; 82a-307.